IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02343-MSK-MEH

CHERYL ARABALO,

    Plaintiff,

v.

CITY OF DENVER, COUNTY OF DENVER, through its elected officials, the Denver City Council,
ASHLEY KILROY, in his official capacity as Acting Safety Manager for the City and County of Denver,
CAPTAIN GUTIERREZ, and
PHILLIP DEEDS,

    Defendants.

**ORDER**

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court on a Motion to Compel Discovery [docket #67] filed by the City and County of Denver (hereinafter "the City"). The Court granted the motion at a hearing held on August 16, 2012, and directed counsel for the City to file an affidavit of fees and costs on or before August 17, 2012. The Court permitted counsel for Plaintiff to file a response to the affidavit and any evidence mitigating his failure to communicate with counsel for the City. Counsel for the parties submitted their documents accordingly.

**I.**     **Background**

The City's motion to compel arises from Plaintiff's failure to provide the City with timely responses to its written discovery requests. The City served Plaintiff with its first set of interrogatories and requests for production on May 4, 2012. On June 6, 2012, Plaintiff mailed her objections to the City's discovery requests. However, due to an apparent emergency in Plaintiff's

family, Plaintiff claimed she was unable to complete the responses. Responses were due that day. The City mailed Plaintiff's counsel a letter on July 6, 2012, indicating its intent to depose Plaintiff on July 30, 2012, and requesting responses to its discovery requests no later than July 20, 2012. As of July 27, 2012, the City had still not received responses to its discovery requests. With Plaintiff's deposition only three days away, it filed the present motion to compel.

Plaintiff's response to the motion, filed August 8, 2012, indicates that Plaintiff mailed and emailed her discovery responses that day. However, the City's reply contends that Plaintiff's responses were not signed by either Plaintiff or her attorney, in contravention of Fed. R. Civ. P. 26(g). To the Court's knowledge, the City did not receive signed responses until the August 30, 2012 Status Conference.

In light of Plaintiff's failure to provide the City with timely responses to is written discovery requests, the City seeks an award of its fees and costs. In support of this request, counsel for the City provides numerous communications to Plaintiff's counsel concerning its written discovery requests. These communications reveal that the City requested clarification from Plaintiff's counsel on June 27, 2012, July 6, 2012, and July 12, 2012, regarding when it would receive Plaintiff's responses. (Dockets ##67-3, 67-4, 67-5.) The City asserts that Plaintiff's counsel never responded to these requests, and never requested (either formally or informally) an extension of time within which to complete the written discovery.

At the hearing on August 16, 2012, the Court expressed its concern regarding Plaintiff's counsel's failure to communicate with counsel for the City concerning this issue. Plaintiff's counsel maintained that he engaged in adequate communication regarding his discovery responses, and offered to submit evidence to this effect. In granting the City leave to submit an affidavit of fees and costs, the Court also permitted Plaintiff to provide any evidence of the aforementioned

communications.

The City submitted an affidavit describing its attorneys fees on August 17, 2012. (Docket #82.) Plaintiff filed a response on August 20, 2012, arguing that the Court should deny the City's request for attorneys fees because Plaintiff has responded to the City's discovery requests and "has made all efforts possible to work with Defendant's counsel given the circumstances." (Docket #83, 2-3.) In support of this argument, Plaintiff's counsel asserts that he attempted to email counsel for the City on several occasions at an email address that is not checked regularly. Though Plaintiff's counsel does not provide copies of any of the emails he allegedly sent to the City's attorneys, he attaches three letters to his response. The first, dated June 6, 2012, informs counsel for the City that Plaintiff was unable to complete her responses on time due to an emergency in her family. (Docket #83-1.) The second letter, dated June 26, 2012, requests an additional 90 days to complete all discovery in the case, and indicates that Plaintiff is working on her discovery answers and will provide them as soon as possible. (Docket #83-2.) The final letter, dated July 27, 2012, requests the City's consent to a motion extending the discovery cutoff. (Docket #83-3.)

Though not expressly authorized by the Court, the City submitted a reply on August 22, 2012, to comment on several of Plaintiff's representations. (Docket #84.) In particular, the City asserts that it did not receive the July 27, 2012 letter, and Plaintiff's request to extend the discovery cutoff should not be confused with Plaintiff's attempt (or lack thereof) to seek additional time to complete her written discovery.

**II.   Discussion**

The plain language of Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, or if the requested discovery is provided after the motion was filed,

> the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct,

> or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees."

(emphasis added). Rule 37(a)(5)(A) also provides three exceptions, stating that the Court must not order costs or fees if: i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" ii) "the opposing party's nondisclosure, response, or objection was substantially justified;" or iii) "other circumstances make an award of expenses unjust."

There is no dispute that Plaintiff's responses were due on or before June 6, 2012, and that Plaintiff did not serve her signed and completed responses until after the City filed its motion to compel. Thus, the Court considers the possible exceptions under which Plaintiff may be relieved of the otherwise mandatory provisions of Rule 37(a)(5)(A).

First, it is clear from the briefing that the City attempted to communicate with counsel for Plaintiff on numerous occasions regarding the timing of her discovery responses. In particular, the City notified Plaintiff's counsel of the City's intent to file a motion to compel if Plaintiff did not provide her responses before July 20, 2012, approximately a month and a half after they were due. In light of the City's exceeding patience and repeated communications, the Court is satisfied with its efforts to obtain the discovery in good faith prior to seeking court action.

Turning to the second possible exception, the Court considers whether Plaintiff's nondisclosure was substantially justified. Plaintiff's counsel contends that Plaintiff was unable to complete her discovery responses in a timely fashion due to family medical issues that required frequent travel back and forth from California. This, however, does not explain why Plaintiff's counsel failed to respond to the City's emails and letters seeking clarification on when the responses would be provided. The exhibits submitted by Plaintiff are also silent on this matter, as they pertain primarily to the discovery cutoff rather than to the City's requests. The Court finds no evidence in

4

the record that Plaintiff sought, either formally or informally, an extension of time to complete her discovery responses due to her family emergency. Thus, the Court finds that Defendant's nondisclosure was not substantially justified.

Finally, the Court finds no other circumstances that would make an award of expenses unjust. Because none of the exceptions apply in this case, the general provisions of Rule 37(a)(5)(A) control. The Court is, therefore, required to impose an award of reasonable costs on the party or attorney necessitating the motion. In this case, the Court finds that Plaintiff's counsel necessitated the motion by failing to adequately communicate with counsel for the City regarding the timing of Plaintiff's discovery responses.

The City submitted an affidavit prepared by Robert Nespor describing the City's fees and his experience as an attorney. Mr. Nespor notes that he has been licensed to practice in Colorado since 1994 and has been employed by the City since 2000. In addition to Mr. Nespor's affidavit, the City provides an itemized description of work performed by Mr. Nespor and attorney Jennifer Jacobson. From Mr. Nespor's affidavit, the Court determines that his hourly rate of $250 is consistent with his experience and the market value of his services. However, the City has not provided any evidence by which the Court may assess the reasonableness of Ms. Jacobson's hourly rate. Thus, the Court will consider only those hours worked by Mr. Nespor in determining an appropriate fee award.

Based on the Statement of Attorney's Fees [docket #82-1], the Court finds support for 6.4 hours of work by Mr. Nespor. The Court does not observe any excessive or redundant charges on his behalf. Applying Mr. Nespor's reasonable rate of $250 per hour, the Court concludes that the City is entitled to $1,600 in attorney's fees, payable by Plaintiff's counsel.

**III.    Conclusion**

Based on the foregoing and the entire record herein, the Court finds that the City is entitled to an award of reasonable attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). Though the City has not provided adequate documentation for its request of $2,000, the Court finds that an award of $1,600 is reasonable and supported by the record. Thus, the Court hereby ORDERS counsel for Plaintiff to pay the City $1,600 within in thirty (30) days of the date of this order.

Dated at Denver, Colorado, this 31st day of August, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge