IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02343-MSK-MEH

CHERYL ARABALO,

      Plaintiff,

v.

CITY OF DENVER, COUNTY OF DENVER, through its elected officials, the Denver City
Council,
ASHLEY KILROY, in his official capacity as Acting Safety Manager for the City and County of
Denver,
CAPTAIN GUTIERREZ, and
PHILLIP DEEDS,

      Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court is Defendant Captain Gutierrez's Motion to Stay Proceedings [filed November 28, 2012; docket #113].  Plaintiff filed a response on December 19, 2012 [docket #123]. Pursuant to D. C. Colo. LCivR 7.1C, the Court decides the motion without a reply from Captain Gutierrez.  For the reasons set forth below, Captain Gutierrez's Motion to Stay Proceedings is **GRANTED IN PART** and **DENIED IN PART** as follows.

## I.     Background

      Plaintiff initiated this action on September 6, 2011, alleging sexual harassment, sex discrimination, and retaliation by the Denver Sheriff's Department and several of its officers. Attorney Samuel Trapp represented Plaintiff initially.  During Mr. Trapp's representation of Plaintiff, Plaintiff obtained discovery from Defendants through interrogatories and requests for production. Following a dispute related to Plaintiff's deposition,  Plaintiff terminated Mr. Trapp on

September 26, 2012, and hired Samantha Halliburton to represent her in this action.

Shortly after retaining Ms. Halliburton, Plaintiff moved to reopen discovery and to file a third amended complaint. At a hearing on Plaintiff's motions, the Court observed that the proposed third amended pleading contained several contradictory assertions and that it would not be accepted as filed. Although the Court ultimately granted Plaintiff leave to amend, it cautioned Plaintiff that asserting claims against Captain Gutierrez in his individual capacity would likely precipitate a motion to dismiss and corresponding motion to stay. The Court's prediction was correct.

Plaintiff filed her third amended complaint on November 14, 2012, asserting among other claims, a Section 1983 claim for violations of the Fourteenth Amendment against Captain Gutierrez in his individual and official capacities and two tort claims against Captain Gutierrez in his individual capacity. (*See* docket #109, 18-20.) Captain Gutierrez responded by filing a motion to dismiss on November 27, 2012. (Docket #112.) In his motion, Captain Gutierrez asserts an entitlement to qualified immunity with regard to Plaintiff's constitutional claim and immunity under the Colorado Governmental Immunity Act ("CGIA") regarding Plaintiff's tort claims. Concurrently with the motion to dismiss, Captain Gutierrez filed the pending motion to stay. Captain Gutierrez asks the Court to stay all proceedings pending the Court's resolution of his motion to dismiss.

## II.    Discussion

The Court's discretion to stay proceedings arises from its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702

(10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id*. at 643-44.

In addition to the constitutional protections of qualified immunity, government officials asserting immunity under the CGIA are also entitled to a stay of discovery. *See Rooker v. Ouray Cnty*, 841 F. Supp. 2d (D. Colo. 2012) (finding that "discovery must be stayed" pending the resolution of immunity questions under the CGIA). Captain Gutierrez seeks a stay of discovery on both grounds.

Plaintiff's response to the pending motion argues that Plaintiff should be given an opportunity to conduct discovery with regard to Captain Gutierrez's assertion of immunity. However, the Court observes that Plaintiff has already had ample time and opportunity to conduct

discovery with respect to Captain Gutierrez prior to filing her third amended pleading. Additionally, Plaintiff has already filed a her response to the pending motion to dismiss.  In the Court's view, additional discovery regarding the immunity questions is unwarranted.

Comparing the facts of this case with the considerations set forth in *Rome*, the Court finds that Captain Gutierrez should be relieved of his discovery obligations pending the resolution of his motion to dismiss.  Each of Plaintiff's claims against Defendant Gutierrez alleges conduct in his individual capacity for which Plaintiff seeks monetary damages rather than injunctive relief.[1] Additionally, Captain Gutierrez raised his respective immunity defenses in a motion to dismiss, rather than at the summary judgment phase.

Although the Court finds that Captain Gutierrez is entitled to a stay of all discovery, no other Defendant has either requested a stay or asserted qualified immunity.  The Court also notes that Captain Gutierrez's motion to dismiss, if granted, would not dispose of the entire action.  Plaintiff's need to conduct discovery with respect to the other Defendants remains the same regardless of whether Captain Gutierrez is dismissed.   Therefore, the Court finds that a stay of all proceedings is not warranted, and that Plaintiff must be permitted to continue with discovery regarding all Defendants except for Captain Gutierrez.

### III.    Conclusion

For the reasons stated above, the Court finds that Captain Gutierrez is entitled to stay of discovery.  However, this stay does not apply to the remaining Defendants.  Therefore, Defendant Captain Gutierrez's Motion to Stay Proceedings [filed November 28, 2012; docket #113] is **GRANTED IN PART** and **DENIED IN PART** as described in this order.

---

[1]The Court acknowledges that Plaintiff also sues Captain Gutierrez in his official capacity under Section 1983.  However, this does not negate the individual-capacity claim on the same basis.

Dated at Denver, Colorado, this 27th day of December, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge