**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-02343-MSK-MEH

CHERYL ARABALO,

    Plaintiff,

v.

CITY OF DENVER, COUNTY OF DENVER,

    Defendants.

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION FOR ATTORNEY FEES**
_____

**THIS MATTER** comes before the Court pursuant to Former Defendant Gutierrez's Motion for Attorney Fees **(# 136)**, Ms. Arabalo's response **(# 138)**, and Mr. Gutierrez's reply **(# 139)**.

The reader's familiarity with the proceedings to date is assumed. In the Court's August 26, 2013 Opinion and Order **(# 133)**, the Court granted Mr. Gutierrez's Motion to Dismiss **(#12)** the claims against him. Mr. Gutierrez now seeks an award of $ 21,714.00 in attorney fees, jointly and severally against Ms. Arabalo and her counsel pursuant to C.R.S. § 13-16-113(2), C.R.S. § 13-17-201, and C.R.S. § 24-10-110(5)(c), and $1,570.51 in costs against Ms. Arabalo pursuant to 28 U.S.C. § 1920 and C.R.S. § 13-16-113(2).

    **A. Attorney fees**

C.R.S. § 13-17-201 provides that where a plaintiff brings an action sounding in tort, alleging "injury to person or property," and the action "is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have

1

judgment for his reasonable attorney fees in defending the action." The statute does not confer any discretion on this Court; if the statutory requirements are met, an award of fees to the prevailing defendant is mandatory. *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 Fed.Appx. 707, 715-16 (10th Cir. 2009). Although the statute refers to dismissals under Colorado Rule of Civil Procedure 12(b), the statute also applies to tort claims under Colorado law that are joined in a federal action and dismissed under Fed. R. Civ. P. 12(b). *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n. 6 (10th Cir. 2000). Moreover, all claims against a particular defendant (*i.e.* the entirety of the "action" against against that defendant) must be dismissed on Rule 12 grounds for the statute to be triggered (although claims that survive against other defendants do not preclude the statute's application). *Torres v. American Family Mut. Ins. Co.*, 606 F.Supp.2d 1286, 1287-88 (D.Colo. 2009).

As noted in the Court's August 26, 2013 Opinion and Order, Ms. Arabalo brought a §1983 claim equal protection claim against Mr. Gutierrez, along with common-law tort claims for defamation and outrageous conduct. *Docket* # 133 at 4-5. The § 1983 claim was predicated on Mr. Gutierrez engaging in sexually harassing behavior towards Ms. Arabalo; the tort claims arose out of Ms. Arabalo's contention that Mr. Gutierrez defamed her by falsely accusing her of misconduct during a disciplinary investigation. Mr. Gutierrez moves to dismiss the claims against him under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing, among other things, that Ms. Arabalo's failure to comply with the pre-suit notice requirements of the Colorado Governmental Immunity Act ("CGIA"), C.R.S. § 24-10-101 *et seq.*, operated to deprive the Court of jurisdiction over the common-law claims. This Court agreed and dismissed the common-law claims pursuant to Fed. R. Civ. P. 12(b)(1), and also dismissed the § 1983 claim under Fed. R. Civ. P. 12(b)(6). Thus, because Mr. Gutierrez succeeded in obtaining dismissal of all claims

against him via Rule 12, he is entitled to an award of the reasonable attorney fees he incurred in defending against the common-law claims.[1]

In determining the reasonable fee that may be awarded, the Court applies the familiar "lodestar" analysis: first, the Court calculates a "lodestar" figure by multiplying a reasonable hourly rate by the number of hours reasonably incurred by Mr. Gutierrrez's counsel. *See generally Gisbrecht v. Barnhart,* 535 U.S. 789, 801–02 (2002) ("the 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence"); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Second, the Court addresses whether that lodestar figure should be adjusted upwards or downwards based on the particular circumstances of the case, although adjustments to the lodestar figure are made only in unusual situations. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564–65 (1986). The goal of the exercise is to produce "an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A ex rel. Winn,* 559 U.S. 542 (2010). The applicant seeking fees bears the burden of demonstrating that the hours expended and rates charged are reasonable. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir.1986).

Turning first to hourly rates, Mr. Gutierrez requests hourly rates that range from $ 110 per hour for paralegal time to $ 200 per hour for his lead counsel's time. Ms. Arabalo does not

---

[1] There is, arguably, an open question as to the extent to which C.R.S. § 13-17-210 may be used to obtain fees incurred in defending against federal claims in situations where the plaintiff joined federal statutory claims with state-law tort claims. *Compare U.S. Fax Law Center, Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517-18 (Colo.App. 2009) (appearing to suggest that statute applies to federal claims that may be joined with state tort claims) *with State v. Golden's Concrete Co.,* 962 P.3d 919, 926 (Colo. 1998) (finding that federal law preempts applying C.R.S. § 13-17-201 to a federal § 1983 claim). The Court need not resolve this issue, as Mr. Gutierrez's counsel has expressly disclaimed any fees related solely to defending against the § 1983 claim.

challenge these rates and, in the absence of any such challenge, the Court finds the rates to be reasonable.

Next, the Court examines whether the total number of hours claimed by Mr. Gutierrez's counsel are reasonable. Mr. Gutierrez states that he has excluded all hours prior to October 9, 2012, the date on which Ms. Arabalo first sought to amend her pleadings to assert the state tort claims against him, and further states that he has excluded all time relating solely to the federal claims against him. Ms. Arabalo contends that certain billing entries violate those self-imposed restrictions; that certain hours sought for Mr. Baumann, an associate, are unreasonable because he is "newly-admitted" and the time was spent for "familiarizing" himself with the law; that a computational error in one entry should result in a reduction of approximately $ 200; that some time entries for experienced counsel are excessive in light of counsel's experience; and that there are several instances in which duplicative time is sought for both attorneys and paralegals performing the same tasks.

The Court rejects most of Ms. Arabalo's contentions, but finds limited merit in her contentions that some of the hours claimed by Mr. Gutierrez reflect unnecessary work or needless duplication (as well as admitted minor computational or other errors). Several entries concern review of discovery material,[2] but, as the Court's August 26 Opinion and Order notes, "neither party attached any affidavits or evidentiary material meaningful to [the 'scope of employment'] issue to their motion papers." *Docket #* 133 at 8. It is impractical for the Court to attempt to detail which specific time entries are or are not acceptable; the Court finds it sufficient to observe that relatively few entries are particularly objectionable and concludes that a reduction

---

[2]   Several entries involve Mr. Gutierrez's counsel simply reviewing discovery responses or other material filed by other defendants. *See* e.g. 11/14/12 (HJ) entry; 12/3/12 (CHG) entry; 12/28/12 (CHG) entry; 1/30/13 (CHG) entry. The Court cannot conclude that such time was necessarily spent in defense of a case that was dismissed on the pleadings.

of the amount sought by Mr. Gutierrez's counsel by $ 2,000 is more than sufficient to capture those occasions in which excessive or redundant time is claimed.

Accordingly, the Court finds that an award of $ 19,714.00 represents a reasonable attorney fee to be awarded to Mr. Gutierrez pursuant to C.R.S. § 13-17-201 in this matter.

Mr. Gutierrez has requested that the fee award run jointly and severally to Ms. Arabalo and her counsel. C.R.S. § 13-17-201 does not expressly authorize a fee award to be imposed against a plaintiff's counsel. However, Mr. Gutierrez has sought, in the alternative, an award of fees under C.R.S. § 24-10-110(5)(c), which does provide that, in appropriate circumstances, fees may be awarded "against the plaintiff or the plaintiff's attorney or both."

Accordingly, the Court must consider whether an award of fees to Mr. Gutierrez fits within the terms of C.R.S. § 24-10-110(5)(c). That statute provides for an award of fees where a plaintiff: (i) asserts a claim arising out of an act or omission of a public employee; (ii) alleges that act was willful and wanton; and (iii) seeks punitive damages as a result. Ms. Arabalo's Third Amended Complaint clearly satisfies the second and third elements: she alleges that Mr. Gutierrez's defamatory and outrageous conduct was willful and wanton, *Docket* # 109 at ¶ 147, 156; and she sought punitive damages against him, *id.* at 22, ¶ h. However, Ms. Arabalo expressly alleged that Mr. Gutierrez's actions were <u>not</u> taken within the course and scope of his employment, and that those actions were taken "while acting outside the course and scope of his official job duties." *Id.* at ¶ 143, 152. Taken at face value, then, Ms. Arabalo's tort claims were not against Mr. Gutierrez in his capacity as a public employee, but rather, were claims against an ordinary citizen for alleged private conduct. Although the Court ultimately concluded that the "off duty" actions alleged by Ms. Arabalo were, as a matter of law, actually within the scope of Mr. Gutierrez's employment, the focus of C.R..S. § 24-10-110(5)(c) is on a plaintiff's

5

allegations. Because Ms. Arabalo's Third Amended Complaint did not allege that Mr. Gutierrez's conduct was undertaken in the scope of his public employment, the statute does not apply and any fee award must be imposed against Ms. Arabalo herself, rather than jointly with her counsel.[3]

Accordingly, the Court grants, in part, Mr. Gutierrez's Motion for Attorney Fees pursuant to C.R.S. § 13-17-201, entitling him to judgment against Ms. Arabalo in the amount of $19,714.00.

**B. Costs**

Mr. Gutierrez seeks an award of costs pursuant to C.R.S. § 13-16-113(2), which provides that a defendant that prevails against a state-law tort claims at the Rule 12 stage is entitled to an award of costs.

The Court will not address this issue in detail. As a prevailing Defendant, Mr. Gutierrez is entitled to an award of his costs when judgment enters pursuant to Fed. R. Civ. P. 54(d). Now that trial against the remaining Defendant has concluded, judgment in Mr. Gutierrez's favor can enter, thus triggering his entitlement to costs. Mr. Gutierrez has not contended that the costs recoverable under C.R.S. § 13-16-113(2) are any different than the costs he may recover pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. Accordingly, his request for costs pursuant to C.R.S. § 13-16-113(2) is entirely duplicative of his entitlement to costs under Fed. R. Civ. P. 54(d). Therefore, his requests for costs in the instant motion is denied with leave to file a proper post-judgment Bill of Costs.

---

[3] Moreover, the triggering event for liability for fees under C.R.S. § 24-10-110(5)(c) is "if the plaintiff does not substantially prevail on his claim that such act or omission was willful or wanton." Here, because the Court found that Ms. Arabalo did not satisfy the pre-suit notice requirements of C.R.S. § 24-10-109, it never reached the question of whether she could show that Mr. Gutierrez's conduct was "willful or wanton."

For the foregoing reasons, Mr. Gutierrez's Motion for Attorney Fees **(# 136)** is **GRANTED IN PART** and **DENIED IN PART**.   Judgment in favor of Mr. Gutierrez and against Ms. Arabalo in the amount of $ 19,714.00, reflecting attorney fees awarded pursuant to C.R.S. § 13-17-201, shall enter contemporaneously with this Order.

Dated this 1st day of June, 2014.

**BY THE COURT:**

*/s/ Marcia S. Krieger*
_____

Marcia S. Krieger
Chief United States District Judge