**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-02343-MSK-MEH

**CHERYL ARABALO,**

   Plaintiff,

v.

**CITY OF DENVER, COUNTY OF DENVER,**

   Defendants.

---

**OPINION AND ORDER GRANTING, IN PART, MOTION FOR ATTORNEY FEES**

---

**THIS MATTER** comes before the Court pursuant to Ms. Arabalo's Motion to Stay Execution of Judgment and Request for Waiver of Bond Requirement **(# 205)**, Denver's response **(# 223)**, and Ms. Arabalo's reply **(# 224)**; and Ms. Arabalo's Motion to Expedite **(# 237)** consideration of that motion.

After Ms. Arabalo failed to prevail in her lawsuit, the Court taxed costs against her (in favor of two Defendants) in the approximate amount of $ 3,900 **(# 200, 201)**, and directed the entry of a judgment[1] against her **(# 195)** for attorney fees in favor of a Defendant in the approximate amount of $ 19,700.

In the instant motion, Ms. Arabalo states her intention to appeal various rulings in this action, notes that she has been unsuccessful in her efforts to secure a supersedeas bond under Fed. R. Civ. P. 62(d), and requests that the Court grant her a stay against execution of the costs

---

[1] Although the Court's Order directs that "Judgment . . . against Ms. Arabalo" in that sum "shall enter contemporaneously with this Order," the Docket does not reflect that a separate judgment in that amount has been filed, nor has Former Defendant Gutierrez, the beneficiary of that Order, requested the entry of the judgment.

1

order or putative judgment under Rule 62(d) while simultaneously waiving that rule's requirement of a bond. Ms. Arabalo states that such relief is appropriate where imposition of a bond obligation would "place [her] in insolvency." *Citing Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873-74 (10th Cir. 1986). She also contends that "requiring [her] to post a cost bond on appeal will essentially deny [her] access to the Tenth Circuit Court of Appeal." The Court notes that Ms. Arabalo has already sought **(# 206)** and obtained **(# 225)** leave to proceed on appeal *in forma pauperis*.

Fed. R. Civ. P. 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay [of proceedings to enforce a judgment] by supersedeas bond. . . . The stay takes effect when the court approves the bond." Notably, the grant or denial of a stay affects only the judgment creditor's ability to enforce the judgment during the pending appeal, not the ability of the debtor to take the appeal; a debtor who is unable or unwilling to post a bond retains the right to pursue the appeal. *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). In circumstances where no bond is posted, the judgment creditor executes the judgment in part or whole during the pendency of the appeal, and the judgment is reversed on appeal, the Court has the power to order the judgment creditor to restore the benefits obtained.[2] *Id.* The Court may permit the posting of a reduced bond, or, at least in theory, waive the bond requirement altogether, although the Court may require that waiver of a bond in part or whole be conditioned on the debtor "propos[ing] a plan that will provide adequate (or as adequate as possible) security for the appellee." *Miami*, 807 F.2d at 873-74.

---

[2]    The judgment debtor does run the risk that, in the interim, the judgment creditor has become insolvent, making it impossible for him or her to repay those benefits. *Strong*, 443 F.3d at 1299. This may or may not be a risk as it relates to the attorney fee award in favor of Former Defendant Gutierrez, but there is relatively little reason for concern that Ms. Arabalo, should she succeed on appeal, would be unable to recover from Denver any amount that it manages to obtain pursuant to the costs award.

As reflected in *Strong*, the Court reflexively rejects the most significant argument made by Ms. Arabalo: that absent a Rule 62(d) stay, she will be unable to pursue the merits of her pending appeal. *Strong* makes clear that the grant or denial of a stay of judgment execution pending appeal under Rule 62(d) has no relation to the ability of a litigant to pursue the appeal itself.

As to the question of whether, as an equitable matter, the Court should nevertheless stay the Defendants from executing any judgment while that appeal is pending, the Court has several doubts. First, it is not entirely clear that there is an extent judgment whose execution may be stayed: the orders granting costs to both Denver and Mr. Gutierrez are not judgments, and it does not appear that a formal judgment, capable of registration and execution, has been entered on Mr. Gutierrez's request for attorney fees.

Second, assuming the various orders can be treated as judgments, it does not appear that the Defendants have attempted or intend to attempt to execute on the judgment and cost orders. Indeed, it appears from the financial affidavit provided by Ms. Arabalo that she has no asserts whatsoever to execute any judgment against. As of July 1, 2014, Ms. Arabalo reported that she is not currently employed (and although she claims to be searching for work, she indicates that she does not expect her monthly income to change in the next 12 months); she reports cash on hand of approximately $ 2,200; she reports having received no income from any source whatsoever in the past twelve months (including from self-employment, investments, gifts, unemployment benefits of any type, or any form of public assistance benefits) and does not expect to earn any in the coming month; she reports only two meaningful assets, a home valued at $ 270,000, of which Ms. Arabalo has approximately $ 28,000 in equity, and a 2008 auto valued at approximately $ 6,000. Ms. Arabalo reports that she provides for two dependent

children; that her monthly mortgage expense is $ 1,768 (and that the loan is currently in default); that her utility expenses for electricity/fuel and telephone are $ 300 each per month (but that her water is "shut off"), along with other miscellaneous expenses (covering food, transportation, auto insurance, medical expenses, etc.) of approximately $ 1,000 per month. Thus, taking the affidavit at face value, Ms. Arabalo exhausted whatever cash reserves she had by August 1, 2014, leaving the vehicle and the approximately $ 28,000 in equity as her only assets. Of these, the equity in Ms. Arabalo's home would seem to be exempt from judgment execution[3] by operation of C.R.S. § 38-41-201(1)(a) (exempting up to $ 60,000 in equity on a piece of real property constituting a homestead), and the question of whether a judgment creditor could reach Ms. Arabalo's vehicle is a close question of valuation, *see* C.R.S. § 13-54-102(1)(j)(I) (motor vehicle of up to $ 5,000 in value exempt from judgment execution). In short, if her financial affidavit is taken at face value, Ms. Arabalo is already utterly insolvent and thus, it is highly unlikely that the Defendants will undertake any efforts to enforce a judgment against her in her current financial condition.

Third, even the cases Ms. Arabalo relies upon, such as *Miami*, recognize the need for a judgment debtor seeking to avoid posting a bond to offer some other form of security. For example, in *Miami*, the 10th Circuit affirmed a District Court order waiving the debtor's posting of a supersedeas bond, subject to the debtor undergoing a deposition by the creditor to identify the nature of the debtor's financial position and the debtor being enjoined from transferring any assets he subsequently obtained, others than those "necessary for living and engaging in his business." 807 F.2d at 874. Ms. Arabalo has not proposed or agreed to undergo such

---

[3] Moreover, even assuming that the Defendants desired to execute their judgments against the equity in Ms. Arabalo's home, they would be limited to recording the judgments as a lien against the property, to be recovered if and when the property were to be sold.

depositions or asset freezes as an alternative to her posting a supersedeas bond.  Indeed, she offers no alternative form of security, no matter how meager or symbolic, to the Defendants in exchange for relief from the bond requirement of Rule 62(d).

Accordingly, the Court sees no grounds, or even need, to grant Ms. Arabalo's request for a stay of execution of judgment by the Defendants.  Her Motion to Stay Execution of Judgment and Request for Waiver of Bond Requirement **(# 205)** is **DENIED**, and her Motion to Expedite **(# 237)** is **DENIED AS MOOT**.

Dated this 6th day of October, 2014.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge